UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JERION KAHARIA JAQUIAN JAMES,<br>　　　Plaintiff,<br><br>v.<br><br>MIDLAND COUNTY, *et al.*<br>　　　Defendants. | Case No. 2:20-cv-12174<br>Honorable Laurie J. Michelson<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT**

## I.    Introduction and Background

Plaintiff Jerion Kaharia Jaquian James, *pro se*, sued under 42 U.S.C. § 1983, alleging defendants violated his Fourth and Eighth Amendment rights. ECF No. 1. The Honorable Laurie J. Michelson referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 22.

Defendants moved to compel discovery in August 2021 and October 2021, but James filed no responses. ECF No. 29, ECF No. 31. An order mailed to James at the Midland County Jail address he provided on his complaint was returned as undeliverable. ECF No. 1, PageID.20; ECF No. 33. The Court gave James notice of his responsibility to apprise the Clerk

of Court of any change of address, as required by E.D. Mich. LR 11.2. ECF No. 7. But he provided no change of address.

After the order was returned to the Court, the Court ordered "James to show cause in writing by November 30, 2021, as to why the complaint should not be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2." ECF No. 39. The Court warned, "Failure to timely respond may result in the Court recommending that this case be dismissed…." *Id.* The order to show cause was also returned as undeliverable. ECF No. 44.

The Court thus recommends that his complaint be dismissed with prejudice for failure to prosecute.

## II.   Analysis

If a plaintiff fails to prosecute an action, it can be dismissed either under the Court's inherent power to control its docket or involuntarily under Federal Rule of Civil Procedure 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 629-632, (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the

tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). And this Court's local rules provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing . . . the case unless good cause is shown." E.D. Mich. LR 41.2. Dismissal for want of prosecution is ordinarily with prejudice. Rule 41(b); *Link*, 370 U.S. at 629.

The Sixth Circuit has set forth four factors to be used as guidance when deciding whether a case should be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363. Although James has proceeded *pro se*, and is thus held to less stringent standards, the leniency granted is not boundless. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). "[P]ro se litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines."

3

*Bunting v. Hansen*, 05-10116-BC, 2007 WL 1582236 (E.D. Mich. May 31, 2007) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

Analysis of the *Knoll* factors supports dismissal. For the first factor, James has failed to respond to defendants' motion, and several of this Court's orders. He has also failed to provide the Court with an address with which to communicate with him, all of which shows willfulness or fault on James's part. After invoking the processes of this Court, he had an affirmative duty to apprise the Court of his mailing address and to monitor the docket. *Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012). His violation of that duty supports a dismissal for failure to prosecute. *Id.*

There is no evidence that defendants were prejudiced by James's inaction. *See Solomon v. Henry Ford Allegiance Health Sys.*, 2021 WL 1736998, at *2 (E.D. Mich. May 3, 2021) (defendants not prejudiced when their litigation efforts were not due to lack of plaintiff cooperation, but were rather the typical and expected steps when one is served with a complaint) (internal citations and quotations omitted). But the third and fourth factors weigh heavily in favor of dismissal. James was warned that his failure to notify the Court of a change of address could result in dismissal of his action. ECF No. 7; ECF No. 39. And there is no less drastic sanction available because the Court has no means of communicating with James.

The Court has no duty to search for him. "[I]t is the party, not the court, who bears the burden of apprising the court of any changes to his or her mailing address." *Yeschick*, 675 F.3d at 630. Thus, "dismissal is the only appropriate remedy because [James] has effectively abandoned the case." *Gomez v. Deangelo*, 2020 WL 7038612, at *2 (E.D. Mich. April 2, 2020), adopted, 2020 WL 7024862 (E.D. Mich. Nov. 30, 2020) (internal quotations omitted).

### III.   Conclusion

For these reasons, the Court **RECOMMENDS** that James's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: December 17, 2021

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 17, 2021.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
