UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERION KAHARIA JAQUIAN
JAMES,

      Plaintiff,

v.

MIDLAND COUNTY,
CHRISTOPHER HURST,
JACOB DEFRANCESCO,
CHRISTOPHER KOMARA,
CONNOR HOGUE,
BRADLEY STALEY,
DANIEL TEER, and
PAM MCKENNA,

      Defendants.

Case No. 20-12174
Honorable Laurie J. Michelson
Mag. Judge Elizabeth A. Stafford

## ORDER ACCEPTING REPORT AND RECOMMENDATION [45] AND DISMISSING CASE

Jerion James has two cases before this Court. In this case (No. 20-12174), James claims unlawful arrest and excessive force under the Fourth Amendment and inadequate medical care for injuries sustained during the arrest under the Due Process Clause or the Eighth Amendment. The Defendants in this case are Midland County, Bradley Staley, Daniel Teer, Christopher Hurst, Jacob Defrancesco, Christopher Komara, Connor Hogue, and Pam Mckenna. In time, Midland County, Staley, and Teer filed a motion for judgment under Rule 12(c) (ECF No. 38), and Hurst, Defrancesco, Komara, Hogue, and Mckenna filed a motion for summary judgment under Rule 56 (ECF No. 36).

The Court referred all pretrial matters in this case to Magistrate Judge Elizabeth A. Stafford. Recently she issued a report and recommendation to dismiss this case because James has failed to prosecute it. She pointed out that James did not respond to Defendants' motions or court orders, including an order for James to show why the case should not be dismissed for failure to prosecute. (ECF No. 45, PageID.353–354, 356.)

It may be that James never responded to Defendants' motions or the Court's orders because he did not receive them. Indeed, the docket reflects that several orders were returned as undeliverable. (ECF Nos. 33, 43, 44.) Moreover, based on Michigan's offender tracking database, James is no longer at the Midland County Jail but instead at the Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444.

But if the reason James did not respond to Defendants' motions or the Court's orders is because he did not receive them, that is because James did not, as he was required to do, provide the Court with his current address. At the start of the case, this Court entered a notice that told James it was his responsibility to keep the Court apprised of his service address and that "[f]ailure to promptly notify the court of a change in address or other contact information may result in the dismissal of your case." (ECF No. 7, PageID.61); *see also Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) ("[I]t is the party, not the court, who bears the burden of apprising the court of any changes to his or her mailing address."). Yet James never provided an updated address.

Accordingly, the Court sees fit to follow the normal course, which is to enforce the waiver rule. At the conclusion of her December 17, 2021 Report and Recommendation, Magistrate Judge Stafford notified the parties that they were required to file any objections within 14 days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[i]f a party fails to timely file specific objections, any further appeal is waived." (ECF No. 45, PageID.357.) It is now January 17, 2021, and no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the

Magistrate Judge's Report and accepts her recommended disposition. (ECF No. 45.)

It follows that this case is DISMISSED WITH PREJUDICE.

SO ORDERED.

Dated: January 20, 2022


s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE